# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIMINAL ACTION NO. 11-54** |
| | * | |
| | * | **SECTION: H** |
| | * | **JUDGE JANE TRICHE MILAZZO** |
| **VERSUS** | * | |
| | * | |
| | * | **MAGISTRATE: 3** |
| **DEREK R. MOSS** | * | **MAG. DANIEL E. KNOWLES, III** |
| | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*\*\*\*

## ORDER AND REASONS

The matter before the Court is a Motion for Reconsideration of the Court's Ruling Denying Defendant's Motion to Suppress. (R. Doc. 232.) For the following reasons, Defendant's Motion is **DENIED**.

## BACKGROUND

In 2009 and in April of 2010 Global Positioning System devices ("GPS Device") were utilized

by the Drug Enforcement Administration ("DEA") and Louisiana State Police ("LSP") to investigate Derek Moss's ("Moss") alleged drug trafficking activities. Neither an arrest nor charges were brought utilizing the information obtained during these investigations.

In July, 2010 the DEA, LSP, and the Bogalusa Police Department began an investigation involving Moss and his alleged involvement in distributing cocaine in Washington Parish, Louisiana and surrounding areas. Based on information obtained from a Reliable Source ("RS") the agencies applied for several search warrants to obtain cell phone locational data. Magistrate Judge Louis Moore, Jr. signed all orders authorizing the search warrants. (*See* R. Doc. 237 at 10-11.)

Based on the cell phone locational data the DEA learned that Moss traveled to and from Houston on December 30, 2010 and February 18, 2011. On February 19, 2011 agents observed Moss and Todd Mark ("Mark") carrying two plastic shopping bags and duffel bags from a Houston hotel to their vehicle. While approaching Kenner, Louisiana a Louisiana State Trooper stopped Moss for improper display of a license plate. After Moss returned to the vehicle he sped away causing law enforcement agencies to pursue the vehicle. The chase progressed to the levee portion of the Mississippi River. As Moss was driving, Mark exited the vehicle, ran towards the river, and threw four kilograms of cocaine into the water. Mark was then arrested. Subsequently, the pursuit of the Moss vehicle ended and Moss was also arrested.

The Grand Jury indicted Moss, Mark, and Anthony Smith ("Smith") on March 4, 2011 on a variety of charges. On April 29, 2011 the Grand Jury returned with a superseding indictment

adding Jesse Owens and Luis Colon and also additional charges against Moss, Mark, and Smith.

On April 30, 2012 Moss filed a Motion to Suppress Evidence. (R. Doc. 147.) After several continuances, a hearing on the Motion took place on November 15, 2012. The Motion was denied in open court. (R. Doc. 229.) Reasons were entered on December 11, 2012. (R. Doc. 237.)

On December 9, 2012 Moss filed a Motion for Reconsideration of the Court's ruling denying his Motion to Suppress Evidence and requesting an evidentiary hearing on the attenuation doctrine. (R. Doc. 232.) The United States opposed the Motion on December 27, 2012. (R. Doc. 241.) The Court took the Motion under submission on December 27, 2012.

## LEGAL STANDARD

"Motions to reconsider in criminal cases are judicial creations not derived from any statute or rule." *United States v. Salinas*, 665 F. Supp. 2d 717, 720 (W.D. Tex. 2009) (citing *United States v. Brewer*, 60 F.3d 1142, 1143 (5th Cir. 1995); *Matter of Shivers*, 900 F.Supp. 60, 62-63 (E.D. Tex. 1995)). The district courts do, however, "[p]ossess continuing jurisdiction over criminal cases and are free to reconsider their own earlier decisions." *Id.* (citing *United States v. Scott*, 524 F.2d 465, 467 (5th Cir. 1975)). This is applicable to suppression motions. *See United States v. Palmer*, 122 F.3d 215, 22 (5th Cir. 1997). The Fifth Circuit directs that the evidence must be reviewed in the light most favorable to the prevailing party. *United States v. Montes*, 602 F.3d 381, 384-385 (5th Cir. 2010) (citing *United States v. Solis*, 299 F.3d 420, 435 (5th Cir. 2002).

**LAW AND ANALYSIS**

Defendant argues that without the GPS Device tracking information the government would not have known about (a) the Defendant's travels to Houston to obtain drugs; (b) the transportation of drugs from Texas to Louisiana; or (c) the persons with whom he associated and dealt with while selling drugs. (R. Doc. 232-2 at 3.) The defense submits that there is a temporal proximity between the illegal search utilizing the GPS Device and the discovery of incriminating evidence. (*Id.*) The Defendant further contends that the government's statements that the information was obtained from independent sources is based on material factual issues to which the government has not adduced any proof. (*Id.* at 4.) Lastly, the Defendant requests an evidentiary hearing on the attenuation issue. (R. Doc. 232.)

The government argues that the Court's decision in denying the suppression is correct. (R. Doc. 241.) Moreover, because the Defendant has presented no further evidence the government contends that his motion should be denied. (*Id.*) Re-alleging its previous arguments, the government highlights that the affidavits used in this matter to track the cell phone data do not involve any information obtained from the previous use of the GPS Devices. (*Id.* at 2.) As such, the government requests the Court to deny Defendant's motion.

This Court finds that Defendant does not provide anything new to this Court, and as such reconsidering its previous ruling is improper. This Court reiterates that the evidence acquired was through a distinct and untainted source. (*See* R. Doc. 237 at 9.) This Court previously determined

that the record was clear in that the agents would have sought a search warrant for the cell phone locational data, irregardless of the previous investigations utilizing GPS Devices. (*Id.* at 11.) Additionally, a Magistrate Judge found that there was probable cause without any information stemming from the illegal search. (*Id.* at 12.) It is the information from the cell phone locational data which led to the events that occurred in February of 2011. As held previously, it is without doubt that the evidence that was seized pursuant to these cell phone warrants is independent and untainted. As such, suppression is improper and Defendant's motion to reconsider is without merit.

Defendant also requests an evidentiary hearing on the attenuation doctrine. This Court notes that a hearing has already taken place on Defendant's Motion to Suppress. Neither the Defendant nor the government raise any new evidence or arguments that was not before the Court in the Defendant's original Motion to Suppress. As such, an evidentiary hearing on this Motion is not warranted.

## CONCLUSION

For the foregoing reasons, Derek Moss's Motion to Reconsider the Court's Ruling on the Motion to Suppress (R. Doc. 232) is hereby **DENIED**.

New Orleans, Louisiana on this 3rd day of January, 2013.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT COURT JUDGE**